IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SELECTIVE WAY INSURANCE COMPANY, | ) ) |
| *Plaintiff,* | ) ) |
| v. | ) CASE NO. 3:13-CV-00042 ) |
| | ) MEMORANDUM OPINION |
| ROSEANNE BROWNING APPLE, *et al.,* | ) ) |
| *Defendants.* | ) |

Plaintiff Selective Way Insurance Company ("Selective") seeks declaratory judgment in accordance with 28 U.S.C. § 2201, requesting that the Court declare that Selective does not owe a duty to defend or indemnify Roseanne Browning Apple ("Mrs. Apple") in any claim or lawsuit made against her by co-defendant Earl Eugene Hoar. This matter is before the Court upon Defendant Roseanne Apple's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which I will deny.

## I.

Selective issued Commercial General Liability Policy No. 190933802 (the "Policy") to Building Industries, Inc. ("Building Industries"), listing it as the only named insured. Building Industries is a Virginia corporation owned by Clevus Car Apple, Jr. and his son. Clevus Apple, Jr. co-owns with his wife Roseanne Browning Apple a 2004 Lincoln Town Car that is listed in the "Schedule of Covered Autos You Own" in the Policy. During the term of the policy, Mrs. Apple was driving Mr. Apple home from Martha Jefferson Hospital in Charlottesville, VA after he underwent surgery. They were in an accident with Earl Eugene Hoar, who sued Mrs. Apple for his injuries. Selective refuses to defend Mrs. Apple because she is not an insured under the policy and could not have had express or implied consent of the named insured Building Industries to operate the vehicle.

[1]

**II.**

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain facts sufficient "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true, and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court is not required to "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citations omitted). [1]

**III.**

Selective agrees that the Lincoln is a "covered 'auto'" under the policy, but argues that "Defendant [Roseanne] Apple does not meet the definition of an 'insured,' and thus Selective's liability coverage is not triggered by the accident at issue." Pl.'s Compl. 6. The policy provides coverage to "[a]nyone . . . while using with [the owner's] permission a covered 'auto' [that the named insured] own[s], hire[s] or borrow[s] except" for certain exceptions. Pl.'s Compl. Ex. C 77. Those exceptions include"[t]he owner or anyone else from whom you hire or borrow a

---

[1] While extrinsic evidence is generally not to be considered at the Rule 12(b)(6) stage, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 Fed. App'x. 395, 396–97 (4th Cir. 2006); *Blankenship v. Manchin*, 471 F.3d 523, 526 n. 1 (4th Cir. 2006); *see also CACI Intern, Inc. v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009) (in considering a Rule 12(b)(6) motion, courts may consider not only the complaint itself, but documents attached to it).

covered 'auto'" and an "'employee' if the covered 'auto' is owned by that 'employee' or a member of his or her household." *Id.* at 77-78. These exceptions would preclude the Apples from coverage because they are the owners of the Lincoln and, in Mr. Apple's case, is an employee of the named insured, Building Industries, Inc. However, the exceptions are in violation of Virginia's Omnibus Clause, which states in relevant part as follows:

> No policy or contract of bodily injury or property damage liability insurance, covering liability arising from the ownership, maintenance, or use of any motor vehicle . . . shall be issued or delivered by any insurer licensed in this Commonwealth upon any motor vehicle . . . that is principally garaged, docked, or used in this Commonwealth, unless the policy contains a provision insuring the named insured, and any other person using or responsible for the use of the motor vehicle . . . with the expressed or implied consent of the named insured, against liability for death or injury sustained, or loss or damage incurred within the coverage of the policy or contract as a result of negligence in the operation or use of such vehicle . . . the named insured or by any such person

Virginia Code § 38.2-2204(A); *see also id.* § 38.2-2204(D). Any provisions of an insurance policy that conflict with the requirements imposed by the Omnibus Clause are void. Virginia Code § 38.2-2204(E). The Omnibus Clause is designed to grant coverage to permissive users. *See City of Norfolk v. Ingram*, 235 Va. 433, 437, 367 S.E.2d 725, 727 (1988). Given that it is a remedial statute, it should be liberally construed to broaden coverage. *See Emick v. Dairyland Ins. Co.*, 519 F.2d 1317, 1321 (4th Cir. 1975). The terms of the Omnibus Clause are made a part of the Policy and supersede any conflicting language within the Policy. *See Haislip v. Southern Heritage Ins. Co.*, 254 Va. 265, 269, 492 S.E.2d 135, 137 (1997).

Thus, the question becomes not what the language of the policy says, but rather whether the named insured, Building Industries Inc., could (and did) give its "express or implied consent" for Mrs. Apple to use the vehicle on the day of the accident. Virginia Code § 38.2-2204(A). Selective relies on *Pham v. Hartford Fire Ins. Co.*, 419 F.3d 286, 291 (4th Cir. 2005), which held that the Omnibus Clause "simply does not apply to extend coverage" to an employee driver who

was "driving [a vehicle] that he owned himself, rather than [a vehicle] owned by [the named insured]." *Pham* based its analysis of the Omnibus Clause on the long-standing rule of Virginia law that "in order for one's use and operation of [a vehicle] to be within the meaning of the omnibus coverage clause requiring the permission of the named insured, the latter must, as a general rule, own the insured vehicle or have such an interest in it that he is entitled to the possession and control of the vehicle and in a position to give such permission." *Nationwide Mut. Ins. Co. v. Cole*, 203 Va. 337, 341, 124 S.E. 2d 203, 206 (1962). Put another way, "the relation of the named insured to the [vehicle] must be such that he or it is in a position to give consent." *Virginia Auto Mut. Ins. Co. v. Brillhart*, 187 Va. 336, 342-343 (1948). Selective argues that since "[t]he named insured, Building Industries Incorporated, does not own the [Lincoln it could not] grant permission for anyone to use [it]." Pl.'s Resp. Br. 4.

    *Pham* involved an employee operating his own vehicle, which was not listed as an insured vehicle under his employer's policy. Thus, the employer had no capacity to grant permission to use the vehicle, and the Fourth Circuit easily concluded that "the Omnibus Statute does not apply." *Pham*, 419 F.3d at 291. This case is unlike *Pham* because here, Building Industries is listed under the policy as "owning" the vehicle in question. The vehicle is plainly listed in the policy under the "Schedule of Covered Autos You Own," *see* Pl.'s Compl. Ex. C 73, but is in fact titled to "Defendant [Roseanne Browning Apple] and her husband Clevus Car Apple, Jr." Pl.'s Compl. 3. It appears that Building Industries was likely intended to be in "a position to give . . . permission," because Selective and the Apples agreed to policy language specifically listing Building Industries as owning the vehicle. *Nationwide*, 124 S.E.2d at 206. However, while this is the apparent intent expressed by policy language, there is insufficient evidence in the record at this stage to definitively assert that Building Industries was in "a

[4]

position to give consent." *Brillhart*, 187 Va. at 343. Specifically, there is no evidence demonstrating why the parties listed Building Industries as owning the vehicle when in fact it was titled to the Apples. A determination of whether they intended for Building Industries to have the right to grant permission, within that term's meaning in the Omnibus Clause, would thus be premature.

I note that even if it is ultimately found that Building Industries was in a position to give permission, it would also need to be shown that Building Industries did in fact grant "express or implied consent" to Mrs. Apple to drive the vehicle on the day of the accident in order for her to be covered by the Omnibus Clause. Virginia Code § 38.2-2204(A). Mrs. Apple acknowledges that "express consent [is] not discussed in the Amended Complaint," but argues that there is implied consent under these facts. Def.'s Mot. to Dismiss Br. 6. Implied consent "involves an inference arising from a course of conduct or relationship between the parties, in which there is mutual acquiescence or lack of objection under circumstances signifying assent. An implied permission is not, therefore, confined alone to affirmative action." *Hinton v. Indemnity Ins. Co.*, 175 Va. 205, 214, 8 S.E.2d 279, 283 (1940).

There is nothing in the pleadings about the "course of conduct" between Building Industries and the Apples, and so consent may not be implied based on prior use. *Hinton*, 8 S.E.2d at 283. Further, while Mrs. Apple is correct that the Virginia Supreme Court has long held that, for purposes of the Omnibus Clause, consent of a wife to drive her husband's vehicle can be implied simply from their status as cohabiting husband and wife, *see Coureas v. Allstate Ins. Co.*, 198 Va. 77, 82, 92 S.E.2d 378, 382 (1956), the threadbare description presented in Selective's complaint of the relationship between Building Industries and the Apples is also inadequate hold that, as a matter of law, Building Industries consented to use the vehicle based

on the relationship of the parties. *Hinton*, 8 S.E.2d at 283. Because implied consent is a fact-intensive inquiry, the lack of facts admitted in the pleadings about the course of conduct and the relationship between the parties is another reason to deny Defendant Apple's motion to dismiss.

### IV.

A determination of the ultimate rights and obligations of the parties at this juncture would be premature, and so I will deny Defendant Apple's motion. For the same reason, I will deny Defendant Hoar's joinder in Defendant Apple's motion. I will then deny as moot Plaintiff's motion to dismiss Defendant Hoar's motion. An appropriate order follows.

Entered this __27th__ day of March, 2014.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE