IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SELECTIVE WAY INSURANCE COMPANY,<br><br>          *Plaintiff,*<br><br>v.<br><br>ROSEANNE BROWNING APPLE, *ET AL.*,<br><br>          *Defendants.* | CASE NO. 3:13-CV-00042<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

   This matter is before the Court upon Plaintiff's Bill of Costs, which was filed on December 12, 2016. (Dkt. 133). Plaintiff is seeking $4,443.20 against all defendants. Defendant Hoar filed a brief in opposition, (dkts. 134–35), joined by Defendants Apple, Building Industries, and Gulf Insurance Company, (dkts. 136–37), arguing that some of Plaintiff's costs are not recoverable under 28 U.S.C. § 1920. Because some of the costs are indeed not permitted by § 1920, the Court will award Plaintiff costs in the amount of $3,118.70.

## I. LEGAL STANDARD

   "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This "creates a presumption that costs are to be awarded to the prevailing party." *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999) (citations omitted). Pursuant to 28 U.S.C. § 1920, six categories of costs may be taxed to the losing party, including: "[f]ees of the clerk and marshal," "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," "[f]ees and disbursements for printing and witnesses," and "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920. Only these six categories are properly taxed, and the court may not impose costs on the losing party other than those contemplated in § 1920. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987).

1

## II. ANALYSIS

Defendants object to various costs found in Plaintiff's Bill of Costs. Each objection will be considered in turn.

### A. Private Process Servers

Defendants' first objection is to the cost of private process servers, which totaled $945.00. They correctly state that "private process servers, unlike fees for marshals, are not included in the plain language of § 1920." (Dkt. 135 at 3). The issue of taxing private process server fees is an open question, evidenced by a circuit split. *See, e.g.*, *Alflex Corp. v. Underwriters Labs.*, 914 F.2d 175, 178 (9th Cir. 1990) (permitting taxation of private process server fees); *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) (refusing to tax private process server fees).

The Fourth Circuit has not yet tackled this question, so the Court must consider the correct approach to adopt. On the one hand, "there is no obvious policy reason why private process server fees should not be recoverable," *Mayse v. Mathyas*, No. 5:09-cv-00100, 2010 WL 3783703, at *4 (W.D. Va. Sept. 28, 2010), and a "clear majority of circuit courts" permit the taxing of private process server fees. *Schwarz & Schwarz of Virginia, LLC v. Certain Underwriters at Lloyd's*, No. 6:07-cv-00042, 2010 WL 452743, at *3 (W.D. Va. Feb. 8, 2010). On the other hand, the plain language of § 1920 makes no mention of private process servers, and "recent cases in the Western District of Virginia reveal a tread *against* allowing the taxing of private process server fees." *Scates v. Shenandoah Mem'l Hosp.*, No. 5:15-CV-00032, 2016 WL 6879269, at *1 (W.D. Va. Nov. 21, 2016) (emphasis added) (collecting cases).

Because "this court is constrained to apply the statute as written," the Court declines to tax the costs of private process servers; it simply is not among the six taxable costs listed in § 1920. *Bellofatto v. Red Robin Int'l, Inc.*, No. 7:14-cv-00167, 2015 WL 3661043, at *2 (W.D.

2

Va. June 12, 2015). Until Congress changes the language of § 1920 or the Fourth Circuit makes a ruling on the issue, the Court will continue to grapple with this question. By joining the trend within the Western District of Virginia, the Court hopes to provide consistency and predictability, which allows individuals and entities within this district to plan accordingly. As a result, Defendants' objection will be sustained, and Plaintiff's costs will be reduced by $945.00.

### B. Ancillary Deposition Costs

Defendants object to four different ancillary deposition costs: (1) an expedited transcript; (2) exhibits; (3) shipping and handling; and (4) a witness copy of the deposition transcript. (Dkt. 135 at 5–6).

Defendants objected to a $140 fee for expediting deposition transcripts. Fees for printed or electronically recorded transcripts are taxable when "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). As for expedited fees, they may be taxed where those fees are "reasonably justified" because "depositions occurred within close proximity to a dispositive motions deadline due to a compressed discovery schedule or delay based on circumstances outside the [litigant's] control." *Scates*, 2016 WL 6879269, at *2 (internal quotation marks and citations omitted). Here, the Plaintiff appears to have acted with reasonable diligence to complete discovery prior to the dispositive-motions deadline of August 30, 2014. On July 15, 2014, Magistrate Judge Robert S. Ballou amended the pretrial schedule because discovery had been "delayed for reasons beyond the control of the parties." (Dkt. 49). Plaintiff emailed Defendants just two days later to schedule depositions of John Apple and Martha Maine. (Dkt. 138-2). The deposition was ultimately scheduled for August 14, 2014, which allowed just two weeks before the motions deadline. Under these circumstances, the ordering of an expedited transcript appears to be reasonably justified; there was a delay in discovery based on circumstances outside Plaintiff's control, and Plaintiff acted expeditiously to schedule depositions following Judge Ballou's order.

3

Accordingly, Defendants' objection will be overruled, and the $140.00 fee for an expedited transcript will be taxed.

Defendants objected to $51.50 spent on deposition exhibits. "[D]istrict courts in the Fourth Circuit have held that a prevailing party may not tax certain expenses associated with a deposition beyond the cost of the actual transcript itself, such as costs for the inclusion of exhibits . . . ." *Delapp v. Shearer's Foods, Inc.*, No. 1:15-cv-20, 2016 WL 1718395, at *3 (W.D. Va. Apr. 29, 2016) (citation omitted). Plaintiff has failed to demonstrate why the Court should deviate from the policy set forth in *Delapp*. In fact, Plaintiff withdrew its request following Defendants' objection. (Dkt. 138 at 5). Defendants' objection will be sustained, and the taxable costs will be reduced by $51.50.

Plaintiff also requested $55.00 for shipping and handling, to which Defendants objected. Plaintiff withdrew its request. (Dkt. 138 at 5). Seeing as the objection is unopposed and the same logic regarding exhibits applies to shipping and handling, Defendants' objection will be sustained, and the taxable costs will be reduced by $55.00.

Defendant objected to a $15.00 fee for a witness copy of a BB&T employee's deposition on the grounds that the witness copy was not necessary, as required by 28 U.S.C. § 1920(2). Plaintiff responded by demonstrating that "the witness exercised the right to read and sign the deposition transcript." (Dkt. 138 at 3). Considering the witness's request to read and sign the transcript, the witness copy appears to have been necessary, and Defendant's objection will be overruled.

C. *Trial Transcripts*

Defendants objected to a $480.15 fee billed by Plaintiff to cover the cost of an expedited trial transcript. They note that the Federal Rules of Appellate Procedure allow costs for transcripts, but not expedited transcripts. Fed. R. App. Proc. 39(e). This appellate rule, however,

is not relevant to the question at hand, which concerns district court proceedings. The transcript that Plaintiff requested was initially used by both parties in preparation of their post-trial briefs—before the case was appealed. A bench trial was held in this case on July 28, 2015, during which both sides moved for a directed verdict. (Dkt. 100). The motions were taken under advisement, and the Court ordered that post-trial briefs be submitted by August 14, 2015. (*Id.*) The next day, July 29, 2015, counsel for Plaintiff requested an expedited copy of the trial transcript, which both parties subsequently cited in their briefs. (Dkts. 102, 107–08). The short timeframe for briefing, coupled with the fact that both parties cited to the transcript in their briefs, demonstrate that the expedited transcript was "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Thus, Defendants' objection is overruled, and the fee for an expedited trial transcript will be taxed.

The opening statements and closing arguments from the bench trial were not included in the original transcript requested on July 29, 2015. (Dkt. 105). As part of the record on appeal, however, a transcript of the opening statements and closing arguments was ordered, at a cost of $281.05. Defendants have objected to this cost being taxed. However, for much the same reason that the trial transcript was necessary for post-trial briefing, the opening and closing statements—which included substantive motions—was necessary for the appeal. As such, Defendants' objection will be overruled and the bill of costs will not be reduced.

D. DMV Documents

Defendants' final objection is to Plaintiff's bill of costs for documents from the Department of Motor Vehicles ("DMV"). Defendants contend that Plaintiff has failed to identify these documents with specificity, as required in order to determine whether they were necessary. (Dkt. 135 at 9); *Ramonas v. W. Virginia Univ. Hosps.-E., Inc.*, No. 3:08-cv-136, 2010 WL 3282667, at *3 (N.D. W. Va. Aug. 19, 2010). Plaintiff responded by directing the Court to titles that were used as exhibits, arguing that they were necessary and produced to opposing counsel. (Dkt. 138 at 4).

5

A review of the trial exhibits, however, demonstrates that although twenty-five documents were ordered and billed, only four car titles were admitted into evidence, (dkt. 101-4 at 1–4), and were therefore necessary under § 1920.  Because Plaintiff has failed to demonstrate the necessity of the remaining twenty-one documents obtained from DMV, Defendants' objection will be sustained in part, and the bill of costs will be reduced by $273.00 (21 documents * $13.00 per document).

### III. CONCLUSION

Based on the foregoing, Defendants' objections to Plaintiff's Bill of Costs will be sustained in part and overruled in part.  Accordingly, the bill of costs will be reduced by $1,324.50, and Plaintiff will be awarded costs in the amount of $3,118.70, pursuant to Federal Rule of Civil Procedure 54(d).  An appropriate order will issue.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to Plaintiff, Defendants, and all counsel of record.

Entered this  11th  day of January, 2017.

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE